UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS CHAN LAI, | ) | 1:12-cv-00513 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | (Doc. 1) |
| HECTOR RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with his April 4, 2012. petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c)(1), Local Rule 305(b). (ECF No. 6.)

Petitioner was indicted by a federal grand jury in San Francisco in a 40-count indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), conspiracy in violation of 21 U.S.C. § 846, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3), and possession of illegal weapons in violation of 26 U.S.C. § 5861(d) and (i). Petitioner was subsequently found guilty by a jury on 38 of the 40 counts and sentenced to life imprisonment, followed consecutively by a 20-year sentence and a

10-year sentence, along with several sentences to be served concurrently. United States v. Lai, 2009 U.S. Dist. LEXIS 1612, *1-2 (N.D. Cal. Jan. 5, 2009). Petitioner claims he is innocent of the offense and desires to raise various constitutional deprivations at trial. (See generally Pet., ECF No. 1.)

## I. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///

## II.     JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

On January 5, 2009, the United States District Court for the Northern District of California denied Petitioner's April 13, 2007 Motion to Vacate Sentence under 28 U.S.C. § 2255. United States v. Lai, 2009 U.S. Dist. LEXIS 1612 (N.D. Cal. Jan. 5, 2009). The court described Petitioner's prior efforts for review of his conviction:

> On July 12, 1988, Mr. Lai timely appealed his conviction on several grounds and, on July 26, 1995, after a remand for an evidentiary hearing, Mr. Lai's conviction was ultimately affirmed in its entirety by the Ninth Circuit. Docket No. 429 (appeal); United States v. Lai, 944 F.2d 1434 (9th Cir. 1991) (affirming in part and remanding for evidentiary hearing); United States v. Mr. Lai, Nos. 92-10732, 92-10733, 1995 U.S. App. LEXIS 20745, 1995 WL 444663, at *1 (9th Cir. 1995) (unpublished order finding that "the district court did not abuse its discretion either in its admission of the records or in the manner in which it held the evidentiary hearing").
>
> On September 18, 1995, Mr. Lai filed a motion seeking to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). Docket No. 619. In this motion, Mr. Lai raised numerous claims, including ineffective assistance of counsel, double jeopardy, Fourth Amendment violations, inadmissible hearsay, Brady violations, and prosecutorial misconduct. Id. This Court denied the motion on October 10, 1995. Docket No. 621. Mr. Lai quickly appealed this denial and, on August 12, 1996, the Ninth Circuit, in an unpublished order, construed the motion as one under 28 U.S.C. § 2255 and denied it. Docket No. 623 (Mr. Lai's appeal); United States v. Mr. Lai, No. 95-10457, 1996 U.S. App. LEXIS 21414, 1996 WL 468598, at *1 (9th Cir. 1996) (unpublished). While this appeal was still pending, Mr. Lai, on November 6, 1995, filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he had been subjected to double jeopardy as a result of certain civil forfeitures. Docket No. 624. This Court denied the motion on September 9, 1996. Docket No. 650.
>
> On April 28, 1997, Mr. Lai filed his third collateral attack on his sentence, styling the motion as one under 28 U.S.C. § 2255. Docket No. 668. This Court denied this motion on June 24, 1997, finding that Mr. Lai had failed to obtain an order from the Ninth Circuit permitting him to file a successive § 2255 motion and stating that the motion merely raised the same arguments as the previous § 2255 motion. Docket No. 677; see also Gov't Opp'n Ex. C at 2.
>
> On November 25, 1997, Mr. Lai filed another motion to correct his sentence under Rule 35, arguing that his sentence was ambiguous in that it should have included an eventual possibility of parole. Docket No. 680. This Court, on March 12, 1998, denied the motion, stating "Lai's sentence is unambiguous. He is not eligible for parole for the life term imposed on him for violation of [21 U.S.C.] Section 848." Gov't Opp'n Ex. D at 5; Docket No. 694.
>
> In the intervening time, Mr. Lai has, on four separate occasions, sought authorization from Ninth Circuit to file successive § 2255 motions. The Ninth Circuit denied all four requests. See Gov't Opp'n Exs. E, F, G, H (Order denying application to file successive petition in case 00-70993, dated January 11, 2001; Order denying application to file successive petition in case 01-70316, dated April 16, 2001; Order denying application to file successive petition in case 04-72411, dated July 15, 2004; Order denying application to file successive petition in case 05-70046, dated February 15, 2005).

United States v. Lai, 2009 U.S. Dist. LEXIS 1612, *2-4 (N.D. Cal. Jan. 5, 2009)

In the 2007 Motion to Vacate Sentence, Petitioner raised the same arguments presented in this petition to the effect that he was prejudiced by the fact that his original Rule 35 motion was characterized as a § 2255 claim and by prosecutorial misconduct, Fourth amendment search and seizure violations, and ineffective assistance of counsel.

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, not an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions and they have been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements. United States v. Chan Lai, 404 Fed. Appx. 181, 182 (9th Cir. 2010).

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and

1  that the AEDPA required dismissal of petitioner's successive Section 2255 motion because
2  his claim was based neither on a new rule of constitutional law made retroactive by the
3  Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy
4  is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the
5  court of appeals would refuse to certify a second or successive motion under Section 2255,
6  Petitioner's argument fails. Section 2241 "is not available under the
7  inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court
8  of appeals refuses to certify a second or successive motion under the gatekeeping provisions
9  of [Section] 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as
10 previously stated, the remedy under Section 2255 usually will not be deemed inadequate or
11 ineffective merely because a previous Section 2255 motion was denied, or because a remedy
12 under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth
13 Circuit is that "the ban on unauthorized second or successive petitions does not per se make
14 § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077
15 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not
16 be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055
17 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was
18 denied permission to file a successive Section 2255 motion, and stating that dismissal of a
19 subsequent Section 2255 motion does not render federal habeas relief an ineffective or
20 inadequate remedy); Tripati, 843 F.2d at 1162-63.

21      Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings
22 clause of Section 2255 because Petitioner's claims are not proper claims of "actual
23 innocence."  In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255
24 savings clause is tested by the standard articulated by the United States Supreme Court in
25 Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In
26 Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must
27 demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror
28 would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on

this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

In this case, Petitioner asserts that he is innocent and that the prosecution lied about much of the evidence. Even though Petitioner attached various exhibits to the petition, including declarations and news articles, he has not made a sufficient showing of innocence. Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his claim, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

### III.     CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

> district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

1 | 3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 14, 2012      /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE