UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CHAN LAI, | ) 1:12-cv-00513 MJS HC |
| Petitioner, | ) ORDER DENYING MOTION FOR RECONSIDERATION AND RELEASE ON BAIL (Doc. 11) |
| v. | ) |
| HECTOR RIOS, Warden, | ) ORDER DISMISSING MISCELLANEOUS MOTIONS AS MOOT (Docs. 13, 17-18) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 17, 2012, the undersigned denied Petitioners's petition. On November 1, 2012, Petitioner filed a combined motion for reconsideration, motion for leave to amend the petition, and motion for release on bail. (ECF No. 11.)

Petitioner misconstrues the Court's order denying the petition. While the Court addressed why the petition would not serve as a second or successive § 2255 petition, the Court also found that the Petition could not pass through the 'savings clause' or 'escape hatch'

-1-

of § 2255 and be filed as a § 2241 petition. Petitioner's assertion that the Court only dismissed the § 2241 petition without prejudice is not accurate. The Court dismissed the Petition regardless of whether Petitioner intended to file it under § 2241 or § 2255. As the petition has been dismissed, there is nothing to amend, and Petitioner's motion to amend is DENIED.

Petitioner also moves for reconsideration of the judgment pursuant to Federal Rule of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not make any arguments or identify evidence not already considered by the Court. In this case, Petitioner simply asserts that he is innocent and subject to overzealous prosecution by the United States Attorney. Petitioner's contentions in his Petition did not show his actual innocence of the crimes for which he was convicted. His contentions in his motion for reconsideration fare no better. Accordingly, Petitioner's motion for reconsideration is DENIED.

Finally, while the Court has the legal authority to release Petitioner's after denying a petition (See Civil Rules of Appellate Procedure 23(b)), the Court finds Petitioner has not met the extraordinary circumstances to allow such relief. See United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The motion for reconsideration is DENIED;

2) The motion to amend is DENIED;

3) Petitioner's motion for release on bail is DENIED; and

4) All remaining motions are DENIED as MOOT.

IT IS SO ORDERED.

Dated:    March 29, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE